# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| WILLIE J. BLACKMON, | \* | |
| | \* | No. 17-1911V |
| Petitioner, | \* | Special Master Christian J. Moran |
| | \* | |
| v. | \* | Filed: September 23, 2019 |
| | \* | |
| SECRETARY OF HEALTH | \* | Attorneys' fees and costs, interim |
| AND HUMAN SERVICES, | \* | award |
| | \* | |
| Respondent. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

<u>Ramon Rodriguez, III</u>, Sands Anderson PC, Richmond, VA, for Petitioner;
<u>Lara A. Englund</u>, United States Dep't of Justice, Washington, D.C., for
Respondent.

### UNPUBLISHED DECISION AWARDING
### ATTORNEYS' FEES AND COSTS ON AN INTERIM BASIS[1]

    While litigation for his vaccine claim is ongoing, Mr. Blackmon moved for
an interim award of attorneys' fees and costs for work done by his counsel, Ramon
Rodriguez, at his previous law firm. For the reasons that follow, Mr. Blackmon is
awarded $5,620.22.

*     *     *

    Willie Blackmon filed a petition claiming a left shoulder injury after
receiving an influenza vaccination on December 11, 2014. Pet., filed Dec. 8, 2017,
at 1, 7. In his November 26, 2018 Rule 4 report, the Secretary argued that
compensation was not appropriate for an on-Table claim because (1) the records

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website. This posting will make the decision available to anyone with the internet. Pursuant to
Vaccine Rule 18(b), the parties have 14 days to file a motion proposing redaction of medical
information or other information described in 42 U.S.C. § 300aa-12(d)(4). Any redactions
ordered by the special master will appear in the document posted on the website.

did not support a 48-hour onset of shoulder pain, (2) indicated that pain preceded the vaccination, (3) originally noted that the vaccination was administered in his right shoulder, and (4) Mr. Blackmon had pain outside his shoulder area.  Resp't's Rep. at 5.  For the off-Table claim, the Secretary argued that Mr. Blackmon had not submitted an expert report to support his claim.  Id. at 6.

On November 28, 2018, this case was transferred to the undersigned.  To address some of factual issues raised by the Secretary in the Rule 4 report, Mr. Blackmon was ordered to file additional affidavits and information regarding the amendment to his medical records.  Order, issued, Feb. 19, 2019.  Mr. Blackmon filed more affidavits to address factual issues on April 16, 2019.  See exhibits 9-11.

On May 3, 2019, Mr. Blackmon moved for an award of attorneys' fees and costs on an interim basis, requesting in $5,570.10 in fees and $50.12 in costs, for a total of $5,620.22.  Pet'r's Mot. at 9-10.  Mr. Blackmon explained that his counsel, Mr. Rodriguez, was only seeking fees and costs for his previous firm, Rawls Law Group, which had been incurred through the end of Mr. Rodriguez's employment on July 14, 2017.  Pet'r's Mot. at 2-3.  On the same day, the Secretary filed a response stating that he "defers to the special master to determine whether or not petitioner has met the legal standard for an interim fees and costs award."  Resp't's Resp. at 2.  Mr. Blackmon did not file a reply.

On May 20, 2019, and July 24, 2019, Mr. Blackmon filed documents regarding the amendment to his medical records.  See exhibits 15, 16.  This matter is now ripe for adjudication.

\*       \*       \*

Petitioners' motion raises a series of questions:  First, whether petitioner is eligible under the Vaccine Act to receive an award of attorneys' fees and costs?  Second, whether, as a matter of discretion, petitioner should be awarded his attorneys' fees and costs on an interim basis?  Third, what is a reasonable amount of attorneys' fees and costs?  These questions are addressed below.

## 1. Eligibility for an Award of Attorneys' Fees and Costs

As an initial matter, interim fee awards are available in Vaccine Act cases.  Avera v. Sec'y of Health & Human Servs., 515 F.3d 1343, 1352 (Fed. Cir. 2008).  Since Mr. Blackmon has not received compensation from the Program, they may

be awarded "compensation to cover [their] reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim." 42 U.S.C. § 300aa-15(e)(1). As the Federal Circuit has stated, "good faith" and "reasonable basis" are two separate elements that must be met for a petitioner to be eligible for attorneys' fees and costs. Simmons v. Sec'y of Health & Human Servs., 875 F.3d 632, 635 (Fed. Cir. 2017).

"Good faith" is a subjective standard. Id.; Hamrick v. Sec'y of Health & Human Servs., No. 99-683V, 2007 WL 4793152, at *3 (Fed. Cl. Spec. Mstr. Nov. 19, 2007). A petitioner acts in "good faith" if he or she honestly believes that a vaccine injury occurred. Turner v. Sec'y of Health & Human Servs., No. 99-544V, 2007 WL 4410030, at * 5 (Fed. Cl. Spec. Mstr. Nov. 30, 2007). The Secretary has not challenged good faith here, and there is little doubt that Mr. Blackmon brought the claim with an honest belief that a vaccine injury occurred.

In contrast to good faith, reasonable basis is purely an objective evaluation of the weight of the evidence. Simmons, 875 F.3d at 636. Because evidence is "objective," the Federal Circuit's description is consistent with viewing the reasonable basis standard as creating a test that petitioners meet by submitting evidence. See Chuisano v. Sec'y of Health & Human Servs., No. 07-452V, 2013 WL 6234660 at *12–13 (Fed. Cl. Spec. Mstr. Oct. 25, 2013) (explaining that reasonable basis is met with evidence), mot. for rev. denied, 116 Fed. Cl. 276 (2014).

Here, Mr. Blackmon is claiming a standard shoulder injury related to vaccine administration ("SIRVA") following vaccination. While the Secretary is challenging some of the facts related to Mr. Blackmon's claim, the Secretary does not challenge the theoretical feasibility of SIRVA, as a SIRVA claim can earn the presumption of causality by meeting certain criteria on the Vaccine Table. Mr. Blackmon has submitted additional affidavits and documents regarding the amendment to his medical records to address the Secretary's factual challenges. In light of nature of Mr. Blackmon's claimed injury and the evidence presented thus far, the undersigned finds there is a reasonable basis for this claim. Thus, Mr. Blackmon is eligible for an interim award of attorneys' fees and costs.

3

### 2.  Appropriateness of an Interim Award

Interim awards should not be awarded as a matter of right.  Avera, 515 F.3d at 1352 (Fed. Cir. 2008).  Instead, petitioners must demonstrate "undue hardship." Id.  The Federal Circuit noted that interim fees "are particularly appropriate in cases where proceedings are protracted and costly experts must be retained."  Id. The Circuit has also considered whether petitioners faced "only a short delay in the award" before a motion for final fees could be entertained.  Id.

Mr. Blackmon argues that an award of interim fees and costs is appropriate for undue hardship and delay on his counsel, Mr. Rodriguez, and his counsel's previous firm, Rawls Law Group.  The Rawls Law Group is experiencing an undue hardship and delay for not being paid for work done from July 2015 until July 2017 on this case.  Pet'r's Mot., at 6-7.  Mr. Rodriguez is experiencing an undue hardship and delay for having a lien against him for the outstanding fees and costs owed to Rawls Law Group.  Id. at 8-9.  Mr. Rodriguez has not requested any fees or costs for work performed at his current law firm.  Id. at 8.  The Secretary has not opposed Mr. Blackmon's motion and defers to the undersigned.

Over four years have elapsed since Mr. Blackmon's counsel first billed for this case and there is the circumstance of an attorney changing firms in the middle of a case.  The undersigned finds that an interim award is appropriate in this case.

### 3.  Reasonableness of the Requested Amount

Under the Vaccine Act, a special master may award reasonable attorneys' fees and costs.  42 U.S.C. § 300aa-15(e)(1).  Reasonable attorneys' fees are calculated by multiplying a reasonable hourly rate by a reasonable number of hours expended on litigation, the lodestar approach.  Avera, 515 F.3d at 1347–48 (quoting Blum v. Stenson, 465 U.S. 886, 888 (1984)); Saxton ex rel. v. Sec'y of Health & Human Servs., 3 F.3d 1517, 1521 (Fed. Cir. 1993).  In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness.  See McIntosh v. Sec'y of Health & Human Servs., 139 Fed. Cl. 238 (2018).

A.    <u>Reasonable Hourly Rate</u>

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community.  <u>See Blum</u>, 465 U.S. at 895.  The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." <u>Id.</u> at 895, n.11.  A petitioner's counsel in the Vaccine Program is paid the forum rate unless the bulk of the work is performed in a locale other than the forum (District of Columbia) and the local rate is significantly lower than the forum rate.  <u>Avera</u>, 515 F.3d at 1349.  If these two requirements are met, the <u>Davis County</u> exception applies, and petitioner's counsel is paid according to the local rate to avoid a "windfall."  <u>Id.</u>; <u>see Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. United States Envtl. Prot. Agency</u>, 169 F.3d 755, 757–60 (D.C. Cir. 1999).

For cases in which forum rates apply, <u>McCulloch</u> provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney.  <u>McCulloch v. Sec'y of Health & Human Servs.</u>, No. 09-293V, 2015 WL 5634323, *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), <u>motion for recons. denied</u>, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015).  The Court has since updated the <u>McCulloch</u> rates, and the Attorneys' Forum Hourly Rate Fee Schedules for 2015-2019 can be accessed online.[2]

Mr. Blackmon has requested the Rawls Law Group attorneys and paralegals be awarded forum rates consistent with the rates awarded previously by the Court and the analysis and findings in <u>McCulloch</u>.  Pet'r's Mot. at 9.  The Secretary does not dispute that the attorneys and paralegals are entitled to forum rates.

Mr. Blackmon request that the Rawls Law Group attorneys and paralegals be compensated at the following hourly rates:

<u>Attorneys</u>
Ramon Rodriguez, III
    2015 – $361
    2016 – $375

---

[2] The various Fee Schedules can be accessed here:  https://www.uscfc.uscourts.gov/node/2914.  The hourly rates contained within the schedules are updated from the decision in <u>McCulloch</u>, 2015 WL 5634323.

2017 – $383
Elizabeth Muldowney
        2015 – $333

Paralegals
Lisa Robertson
        2015 – $131
Beth Coleman
        2015 – $135
Kristy M. Smith
        2016 – $140
        2017 – $145

The Court has previously held that Mr. Rodriguez and Ms. Muldowney, as well as the paralegals, are entitled to the forum rates requested.  See, e.g., Quinones v. Sec'y of Health & Human Servs., No. 11-154V, 2019 WL 3889727, at *3 (Fed. Cl. Spec. Mstr. July 16, 2019); Heagney v. Sec'y of Health & Human Servs., No. 16-601V, 2019 WL 1375931 (Fed. Cl. Spec. Mstr. Mar. 7, 2019). Therefore, the undersigned finds these rates to be reasonable.

B.      Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary.  See Saxton, 3 F.3d at 1521.  The Secretary did not challenge any of the requested hours as unreasonable.

Because the hours requested run from July 2015 until July 2017, before the petition was filed, all of the time entries are related to obtaining medical records and developing the case.  The undersigned finds the number of hours to be reasonable.  Mr. Blackmon is awarded attorneys' costs in full.

C.      Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable.  Perreira v. Sec'y of Health & Human Servs., 27 Fed. Cl. 29, 34 (Fed. Cl. 1992), aff'd, 33 F.3d 1375 (Fed. Cir. 1994).  Mr. Blackmon requested $50.12 for routine costs of acquiring medical records and postage.  Exhibit 13.  The undersigned finds all of the costs to be reasonable and awards them in full.

6

\*       \*       \*

Accordingly, Mr. Blackmon's motion for an award of interim fees and costs is GRANTED and he is awarded $5,570.10 in attorneys' fees and $50.12 in costs, for a total of $5,620.22.  This shall be paid as follows:

**A lump sum of $5,620.22 in the form of a check made payable to Petitioner and Petitioner's attorney, Ramon Rodriguez, III.**

This amount represents reimbursement of interim attorneys' fees and other litigation costs available under 42 U.S.C. § 300aa-15(e).  In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.

**IT IS SO ORDERED.**

<u>s/Christian J. Moran</u>
Christian J. Moran
Special Master